

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50336 | **DATE** | September 23, 2003 |
| **CASE TITLE** | George Benson vs. Honeywell Microswitch | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | SEP 23 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 9-23-03 | |
| SLB | courtroom deputy's initials | | date mailed notice | |

U.S. DISTRICT COURT CLERK
03 SEP 23 PM 3: 37
FILED-WD

Date/time received in central Clerk's Office

mailing deputy initials

SLB

# MEMORANDUM OPINION AND ORDER

Plaintiff George Benson filed suit against defendant Honeywell Microswitch alleging violation of 42 U.S.C. § 2000, et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Jurisdiction is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Defendant has moved for summary judgment.

The parties are agreed that the complaint's Section 1981 claims are untimely. Therefore, defendant is entitled to summary judgment as to those claims.

There remain plaintiff's Title VII claims which concern two promotions he claims he was denied because of his race. The jobs to which plaintiff sought promotion were Job 4733 (factory supervisor) and Job 4790 (team facilitator).

As to many of the paragraphs in defendants statement of uncontested facts, see U.S. Dist. Ct., N.D. Ill., LR 56.1(a), plaintiff objects only that they are supported by an affidavit from Jim Krueger that is unsigned and unsworn. This, however, is incorrect and it appears that plaintiff has abandoned this argument. See Defendant's Reply Memorandum at 5, n1. Therefore, all statements of fact to which plaintiff's only response is an objection to reliance on the Krueger affidavit are deemed admitted. See U.S. Dist. Ct., N.D. Ill., LR 56.1(b).

Plaintiff attempts to defeat summary judgment on his Title VII claims for failure to promote using the indirect method of proof. The prima facie case plaintiff must establish with respect to these claims is that (1) he was a member of a protected group, (2) he was qualified for the position sought, (3) he was rejected for the position, and (4) the employee promoted was not a member of the protected group and was not better qualified than plaintiff. See Johnson v Nordstrom, Inc., 260 F.3d 727, 732 (7th Cir. 2001). If plaintiff establishes a prima facie case, then the burden shifts to defendant to show a legitimate nondiscriminatory reason for the action. Id. If defendant does so, then plaintiff must show that the offered reason was just a pretext for discrimination. Id.

Plaintiff was not selected to interview for the factory supervisor position. Thus, the decision not to interview him was in effect the decision not to promote him to factory supervisor. Jim Krueger was the hiring supervisor who decided which candidates to interview. Defendant argues plaintiff was not interviewed because he did not have factory supervisory experience at Honeywell. Among the facts plaintiff admitted or is deemed to have admitted is that "Krueger did not have the race of the candidates in front of him when he was deciding who to interview, and he was not aware that George Benson was African-American." Defendant could not have denied plaintiff the promotion to factory supervisor on the basis of his race when the hiring supervisor was not aware of plaintiff's race at the time the decision was made not to interview plaintiff for the position. The stated reason, only interviewing candidates with factory supervisory experience at Honeywell,, could not be a pretext for race discrimination, when it is uncontradicted the decisionmaker did not know plaintiff's race. Therefore, defendant is entitled to summary judgment on the Title VII claim concerning the failure to promote plaintiff to factory supervisor (Job 4733).

As to the team facilitator position, the fourth criterion for establishing a prima facie case requires that the individual hired have not been a member of the protected group and have been no more qualified for the position than plaintiff. The successful candidate for the team facilitator position was Laura Schoonhoven, who is not African-American and so was undisputedly not a member of the protected group. However, the evidence is that she was more qualified for the team facilitator position than plaintiff, so plaintiff cannot satisfy the fourth criterion.

Laura Schoonhoven was assessed by the screening panel to have superior presentation, communication, and empowerment skills, while plaintiff was assessed not to have distinguished himself in these areas. While plaintiff did have an Associate's Degree, that was not required for the position, and other candidates who were white who had Associate's and Bachelor's degrees were not selected for the job. In addition, Laura Schoonhoven had recent performance reviews showing that she "Frequently Exceeds Job Requirements," and plaintiff did not. Laura Schoonhoven had worked in different departments and labor grades, and so could reasonably have been expected to have a broader knowledge of the company than plaintiff, who had not acted on advice he had received to take what was called a circular path to supervision to gain such broad knowledge.

Therefore, plaintiff has not established a prima facie case of discrimination with respect to the failure to promote him to team facilitator and defendant accordingly is entitled to summary judgment on the Title VII claim concerning the failure to promote plaintiff to team facilitator (Job 4790).

For the reasons stated above, defendant's motion for summary judgment is granted and this case is dismissed in its entirety with prejudice.

# United States District Court
## Northern District of Illinois
### Western Division

George Benson

v.

Honeywell Micro Switch

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50336

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. This case is hereby dismissed in its entirety with prejudice.



FILED WD
03 SEP 23 PM 3:37
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 9/23/2003

Susan M. Wessman, Deputy Clerk